FIFTH AVENUE LIBRARY SOCIETY *v.* GATES.

1. SALES—DELIVERY—EVIDENCE—TAKING CASE FROM JURY—CAR-RIERS.

    No error was committed in refusing to direct a verdict for the seller of books, under a contract providing for delivery to the purchaser, where there was a dispute as to the actual delivery of the books to defendant by an express company which carried the merchandise.

2. SAME—DELIVERY TO CARRIER.

    The receipt of the books by the carrier, or by the local agent of the company, did not constitute a sufficient delivery.

Error to Washtenaw; Kinne, J. Submitted June 23, 1910. (Docket No. 130.) Decided September 27, 1910.

Assumpsit by the Fifth Avenue Library Society against Neil A. Gates upon an account stated. A judgment for defendant is reviewed by plaintiff on writ of error. Affirmed.

*Edward B. Benscoe* (*Carl Storm*, of counsel), for appellant.

*George J. Burke* (*M. J. Cavanaugh*, of counsel), for appellee.

HOOKER, J. Defendant is a resident of Dexter, Mich. Plaintiff is a New York concern. It sued defendant in justice's court upon the following contract, filing an affidavit of amount due and statement of account. Issue was joined, plaintiff had judgment, and defendant appealed.

The cause was tried by jury in the circuit. The affidavit was offered in evidence. Upon objection the court remarked, "I think you would better offer your proofs." Exception was taken. The affidavit follows:

## " Statement.

"NEW YORK, March 2, 1909.

"Dr. NEIL A. GATES, Dexter, Mich.,
   "In Account with
  "FIFTH AVENUE LIBRARY SOCIETY.
    "Total amount of contract _____ $79 20
    "Total amount paid to date _____ 00 00
                                                      _____
       "Balance _____ $79 20

"STATE OF NEW YORK, ⎰ ss. :
   "County of New York. ⎱

   "(Affidavit of Emory A. Elrod, Treasurer.)
   . "Emory A. Elrod, being duly sworn, deposes and says
that he is treasurer of the Fifth Avenue Library Society
of New York. That Neil A. Gates, M. D., of Dexter,
Michigan, owes said Fifth Avenue Library Society $79.20,
being balance due on the purchase price of a set of Rid-
path Library of Universal Literature, consisting of twenty-
five volumes. That said Neil A. Gates signed a contract
agreeing to pay $79.20 for said set of books. That no part
of said sum has been paid. That there are no counterclaims
or offsets against the same. That the books were shipped
to said Gates in accordance with said contract, and that the
agreement has been performed in every respect by said
Fifth Avenue Library Society, and that the copy of ac-
count herewith annexed is a true statement of the account
as it appears on the books of the said Fifth Avenue Library
Society.
                        "EMORY A. ELROD, Treas."

### " Contract.

   " Carefully fill in all blanks. Subscriber should retain
duplicate of this order.
"FIFTH AVENUE LIBRARY SOCIETY,
          " 114 Fifth Avenue, New York City.
                    "DEXTER, MICH., April 23, 1907.
" Express prepaid.
   " Gentlemen: Please deliver to me one set Renaissance
Edition de Luxe of 'The Ridpath Library of Universal
Literature' in twenty-five volumes, bound in full leather,
gilt top, for which I agree to pay you $79.20 payable as
follows: $15.00 on receipt of books and $5.00 each month
thereafter until the full amount is paid, default of which
renders the whole amount due. The title to said books

does not pass to me until they are paid for in full. I understand this order is not subject to countermand or cancellation. No agreement is valid other than embodied in this contract.

"Paid to salesman on account——. (15.00 will remit on receipt of books.)

"Deliver books as soon as convenient after above date.

"Salesman, Alf. A. Simmonds.

"Subscriber's signature, Neil A. Gates.

"Subscriber's occupation, Physician and Surgeon.

"Subscriber's business address, Dexter, Mich.

"Subscriber's residence, Dexter, Mich.

"Deliver books at Dexter."

On the back of which contract the following indorsements appear:

"JOHN A. TAYLOR CO.

"*Gentlemen:* In accordance with our indorsement advertising contract with you, we authorize you to allow a credit equal to the value of 14 volumes in the purchase price of the Ridpath Library to those persons you may select.

"FIFTH AVENUE LIBRARY SOCIETY,
"E. A. ELROD, Treas.

"Special Reduction Authorized.

| | |
|---|---|
| 25 volumes, complete set | $200 00 |
| 14 volumes credit | 112 00 |
| | $88 00 |

"Cash discount 10 per cent.

"JOHN A. TAYLOR CO.

"*Gentlemen:* I agree to furnish a written opinion on the Ridpath Library within thirty days from receipt of complete edition and give you and the publishers the privilege of using same in advertising the library. I understand this matter is to be treated strictly confidential.

[Signed] "NEIL A. GATES."

As it was subsequently admitted and held to make a *prima facie* case, there is no occasion to discuss this question further. The court held that under this contract it was necessary that the books be delivered to the defendant in Dexter, and that delivering the same to an express

company directed to defendant at Dexter did not constitute a delivery to defendant at Dexter. There was no error in this. The intention, as shown by the contract, was that the defendant was to have the books delivered to him at Dexter, before becoming liable for their price. The order should receive no other construction. Hence the receipt of the books by the local agent of the express company was not sufficient. As there was conflicting testimony regarding an alleged delivery by the express agent at Dexter to defendant, the court did not err in refusing to direct a verdict for plaintiff.

It is unnecessary to discuss other questions further than to say that our examination of them has convinced us that there was no error.

The judgment is affirmed.

BIRD, C. J., and OSTRANDER, BLAIR, and STONE, JJ., concurred.